UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNIVERSITY SPINE CENTER**, on assignment of Menachem G.,<br><br>Plaintiff,<br><br>v.<br><br>**EMPIRE BLUE CROSS AND BLUE SHIELD** and **JOHN DOE**, being a fictitious name for the Plan Administrator whose identity is presently unknown,<br><br>Defendants. | Civ. No. 2:18-03662<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff University Spine Center brings this action against Defendant Empire Blue Cross & Blue Shield, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, in connection with Defendant's partial failure to reimburse Plaintiff for medical services rendered to a participant (the "Patient") of Defendant's health insurance plan (the "Plan"). This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Procedure 12(b)(1) and (b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Defendant's request for attorneys' fees and costs is **DENIED**.

    **I.    BACKGROUND**

    Plaintiff is a healthcare provider in Passaic County, New Jersey. Compl. ¶ 1. Defendant is a health insurance company responsible for the Plan at issue here. *See id.* ¶ 2. On July 9, 2012, Plaintiff performed several spinal procedures on Patient. *See id.* ¶¶ 6–7. Plaintiff submitted claim forms to Defendant for reimbursement of those services in the amount of $528,736.00, but Defendant only reimbursed $22,042.64 of that amount. *Id.* ¶¶ 10–11. Plaintiff subsequently filed this action on March 16, 2018, seeking $298,366.96 in reimbursement from Defendant, alleging several ERISA violations, including failure to make all plan payments, breach of fiduciary duty and failure to produce requested documentation. *See id.* ¶¶ 18–41. Plaintiff asserts that Patient assigned his Plan benefit

1

rights to Plaintiff and that it is "enabled to bring this action by virtue of the assignment." *See id.* ¶¶ 8–9.

Defendant now moves to dismiss Plaintiff's complaint (the "Complaint"). *See* Def.'s Mem. of Law in Supp. of Its Mot. to Dismiss ("Def.'s Mem."), ECF No. 8-1. Defendant asserts, and Plaintiff does not deny, that Plaintiff is an out-of-network healthcare provider that did not have a contract with Defendant at the time that it rendered services to Patient. *See id.* at 6. Defendant also argues that Plaintiff's claims are subject to a two-year contractual limitation, which renders them time-barred. *See id.* at 31–33. Defendant raises several other issues with the Complaint, which the Court need not address further for reasons stated below.

Plaintiff filed a two-page letter brief in lieu of a formal opposition, requesting that the Court stay Defendant's motion and grant Plaintiff leave to file an amended complaint. *See* Br. in Opp'n ("Pl.'s Opp'n"), ECF No. 14. Plaintiff reasons, "Rather than argue over the effect that the specific anti-assignment provision in [Patient's] Plan has on Plaintiff's standing in this matter, and waste scarce judicial resources in deciding the Motion, Plaintiff would rather re-file with a perfected claim of standing through a power of attorney." *Id.* at 1. Plaintiff asserts, "The Third Circuit expressly stated in *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, that a provider may obtain standing through a Power of Attorney." *Id.* Plaintiff further claims that the remainder of the purported deficiencies raised by Defendant can easily be cured by an amended pleading. *Id.* at 1–2. Plaintiff attached a notice of cross-motion for leave to amend its complaint, but it did not include a copy of the proposed amended complaint in compliance with the District of New Jersey Local Civil Rule 15.1(a). *See* Notice of Cross-Motion, ECF No. 14-1.

In its reply, Defendant responds that the Court should deny Plaintiff's request for leave to amend the Complaint because Plaintiff has not alleged that it intends to prosecute this action as Patient's attorney-in-fact. *See* Def.'s Reply Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Reply") 5–9, ECF No. 15. Defendant also argues that any attempt to amend the Complaint would be futile. *See id.* at 9–13. Defendant reiterates that Plaintiff's ERISA claims are time-barred by the two-year limitation provision in the Plan. *See id.* at 13–14. Finally, Defendant moves for its attorneys' fees and costs because Plaintiff initiated this matter despite its lack of standing and its "serial filing of complaints, without basis in law or fact, cannot be ignored nor should be tolerated[.]" *See id.* at 14.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual attack, like the one in this case, the court may consider evidence outside the pleadings, and no presumptive

truthfulness attaches to the plaintiff's allegations. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997). The plaintiff bears the burden of proving that jurisdiction exists. *Gould Elecs.*, 220 F.3d at 178.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### III. DISCUSSION

This case represents yet another in a long line of cases filed by Plaintiff against insurers for reimbursement of out-of-network procedures. *See, e.g.*, *Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, No. 16-cv-8021, 2018 WL 2134060, at *2 n.2 (D.N.J. May 9, 2018), *appeal docketed*, No. 18-2279 (3d Cir. June 12, 2018).[1] The Third Circuit recently determined that anti-assignment clauses in ERISA plans are enforceable. *See Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018) ("We now . . . hold that anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable."). The Plan at issue here contains an anti-assignment clause, which reads:

> Only Covered Persons can receive the benefits provided under this Contract for payment. Therefore, except as otherwise specifically set forth elsewhere in this Contract, any attempt to assign benefits or payments for benefits will be void unless authorized by us in writing, and

---

[1] "This is only one of nearly seventy suits that Plaintiff has filed against health care providers that defense counsel represents. This number does not include suits against other insurers that defense counsel does not represent. In each suit, Plaintiff raises ERISA claims for failure to properly reimburse for out-of-network procedures it performed." *Id.* (internal citations omitted).

> no benefits, payments or rights may be claimed under any attempted assignment.

Certification of A. Genovese in Supp. of Def.'s Mot. to Dismiss ("Genovese Cert."), Ex. E at 187, ECF No. 8-7.[2] The Court finds that this anti-assignment clause is unambiguous and plainly states that Patient could not assign his right to receive Plan benefits to Plaintiff. Plaintiff, therefore, lacks standing.

The Court need not reach the question of whether a valid power of attorney transferred from Patient to Plaintiff would allow Plaintiff to pursue claims on Patient's behalf because Patient is time-barred from pursuing his ERISA claims under the plain language of the Plan.[3] The Supreme Court unequivocally held that "a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105–06 (2013). Here, the Plan contains a limitations provision, which reads:

> The Covered Person must start any lawsuit against us under this Contract *within two years from the date the Covered Person received the service* for which payment is sought. However, a lawsuit may not be started under this Contract until 60 days after the claim has been filed with us.

Genovese Cert., Ex. E at 186 (emphasis added). The Court finds that the two-year limitation period is reasonable. *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. , 2009 WL 2905471, at *6 (D.N.J. Sept. 8, 2009) ("[T]he Court holds that nothing about the two year limitations period is 'manifestly' unreasonable because the period provided sufficient opportunity for the Plaintiffs to state a claim for benefits, the two year period is not substantially different from previously upheld three year periods, . . . and the period does [not] [*sic*] interfere with Congress's intent to protect ERISA beneficiaries and participants.") (citing *Klimowicz v. Unum Life Ins. Co. of Am.*, 296 F. App'x 248, 250–51 (3d Cir. 2008)); *see also Heimeshoff,* 571 U.S. at 612–13 (noting that appellant did not dispute that a hypothetical 1-year limitations period at the conclusion of internal review would be reasonable).

Patient received Plaintiff's services on July 9, 2012, almost six years prior to Plaintiff filing the Complaint. Even if Plaintiff obtained a valid power of attorney to sue on Patient's behalf, Patient's right to sue expired long before Plaintiff initiated the instant action. Any amendment to the Complaint, therefore, would be futile because Patient's ERISA claims are time-barred pursuant to the limitations provision. Plaintiff's request for leave to amend its Complaint is **DENIED**. *United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (affirming the district court's dismissal with prejudice because further amendment would be futile). Accordingly, the Court

---

[2] The Court cites to the ECF pagination found at the top of each electronically filed page.
[3] The Court notes that it remains entirely unclear whether Plaintiff actually obtained a valid power of attorney from Patient because Plaintiff's counsel inexplicably failed to include it in its "letter brief" opposing Defendant's motion.

**GRANTS** Defendant's motion to dismiss and the Complaint is **DISMISSED WITH PREJUDICE**.

Finally, with respect to Defendant's request for attorneys' fees and costs, Plaintiff filed its Complaint on March 16, 2018, at which time the Third Circuit had yet to address the enforceability of anti-assignment provisions in ERISA plans. Plaintiff, therefore, could not have known at that time that it did not have standing due to the anti-assignment provision in Patient's Plan. Accordingly, the Court finds no reason why Plaintiff should be sanctioned for filing its claim and Defendant's request, therefore, is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Defendant's request for attorneys' fees and costs is **DENIED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 17, 2018**